**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen Bernard Young, | No. CV-22-0063-PHX-DLR (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| State of Arizona, | |
| Respondent. | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge John Z. Boyle (Doc. 31) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1.) The R&R recommends that the petition be denied and dismissed with prejudice and that a Certificate of Appealability be denied. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court.  (Doc. 31 at 15-16.)

On August 11, 2023, Petitioner filed his objection to the R&R.[1] (Doc. 32.). On August 18, 2023, Respondents replied to that objection. (Doc. 33.) On September 1, 2023, Petitioner filed a "Reply to States Request to Deny Petitions' (sic) Review Due to Untimely filing." (Doc. 34.)

The Court has considered Petitioner's objection and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  As explained in the pages that follow, the Court finds that the Magistrate Judge correctly determined Petitioner's first claim fails

---

[1] Respondent argues that Petitioner's objection is untimely, but the Court declines to overrule the objection on that basis and instead will address the merits.

on its merits, a portion of his second claim fails on its merits and the remainder is procedurally defaulted without excuse, the third claim is non-cognizable and waived by Petitioner's guilty plea, and the fourth claim is procedurally defaulted without excuse.

In his objection, Petitioner argues first that "statements and claims made by all parties involved are false and the lower courts embrace them as truths when making their ruling!" And by doing so "the Court violated Petitioner's Constitutional State & Federal Rights." Petitioner's objection is not a proper objection. Moreover, it essentially is the same argument raised regarding an evidentiary hearing on his state petition for post-conviction relief ("PCR").

In his state PCR, Petitioner raised an issue of ineffective assistance of counsel. He asserted that his trial counsel had not conveyed a more favorable plea offer to him than the offer he ultimately accepted.[2] The PCR court held an evidentiary hearing on the issue of whether the offer had been conveyed. After hearing from witnesses, including Petitioner and his trial counsel, the PCR court made a factual determination that the earlier offer had in fact been conveyed to Petitioner by counsel. The testimony Petitioner identifies in his objection as false is the testimony presented in the state PCR hearing by his trial counsel and the prosecutor in the case. The constitutional violation Petitioner alleges in his objection as having been committed by the lower court is the finding of the PCR court that the offer had been conveyed to Petitioner.

The arguments raised by Petitioner in his objection were rejected by the PCR court and the Arizona Court of Appeals. When it made its findings, the PCR court was aware that there was no mention of the 29-year offer in any court proceedings and that the offer was not memorialized in a document or recording. But there was no dispute that the offer was made; the only dispute was whether it was conveyed to Petitioner.

To obtain habeas relief, a petitioner must show the state court's adjudication of a claim:

---

[2] The prosecutor offered a plea agreement that would have resulted in 29 years incarceration. That offer was not accepted within the deadline set by the prosecutor. Petitioner ultimately accepted a plea offer that resulted in a sentence of 42 years.

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003) (citing 28 U.S.C. § 2254(e)(1)). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Id.* (citing 28 U.S.C. § 2254(d)(2)). *Cf. Andrews v. Davis*, 944 F.3d 1092, 1107 (9th Cir. 2019) ("Unreasonable determinations of material facts can occur where the state court plainly misapprehends or misstates the record in making its findings or where the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." (cleaned up, with internal quotations and citations omitted)).

Petitioner makes sound arguments in support of his claim that he was not advised of the first plea offer. There was sufficient evidence presented for the PCR court to have ruled in his favor. However, there also was sufficient evidence presented for the PCR court to rule against him. The PCR court made credibility determinations and found Petitioner's trial counsel and the prosecutor more credible. What Petitioner seems not to understand is that his federal petition is not a re-do of his state PCR hearing. This Court's review is narrow. The Court does not review the record to determine how it would have ruled on the evidence presented at the hearing. Rather the Court determines whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d). To prevail, Petitioner must demonstrate with clear and convincing evidence that the state court decision was incorrect. *See* 28 U.S.C. § 2254(e). Petitioner has not met that burden.

The PCR court had credible evidence before it in the form of testimony of two witnesses that the offer had been conveyed. In his objection, Petitioner points out inconsistencies in the evidence. However, those facts were known at the time of the hearing. The PCR court made credibility determinations, which this Court cannot find were unreasonable determinations of the facts in light of the evidence presented. The Arizona Court of Appeals affirmed, and nothing has been presented to show that the Court of Appeals decision was contrary to or involved an unreasonable application of clearly established federal law.

**IT IS ORDERED** as follows:

1.  Petitioner's objection (Doc. 32) is **OVERRULED**.

2.  The R&R (Doc.31) is **ACCEPTED**.

3.  Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

4.  A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED**.

5.  The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 6th day of October, 2023.

Douglas L. Rayes
United States District Judge